[Crim. No. 5748. Second Dist., Div. Three. Mar. 5, 1957.]

THE PEOPLE, Respondent, v. ERNEST HOLLAND, Appellant.

Earl C. Broady for Appellant.

Edmund G. Brown, Attorney General, Raymond M. Momboisse and Lynn Henry Johnson, Deputy Attorneys General, for Respondent.

SHINN, P. J.—Ernest Holland was accused by information of a violation of section 11500 of the Health and Safety Code, in that he wilfully, unlawfully and feloniously had in his possession a preparation of heroin. He was also accused of having suffered two previous convictions, to wit: a misdemeanor violation of section 11500 of the Health and Safety Code and a violation of Penal Code, section 666, subdivision 3 (petit theft after petit theft), a felony. Defendant pleaded not guilty and waived a jury trial. The case was submitted to the court on the transcript of the preliminary hearing and the proof of the prior convictions. The court found defendant guilty and dismissed the priors in the interests of justice. Probation was denied and Holland was sentenced to state prison for the term prescribed by law. He appeals from the judgment.

Allan Coffey, a Los Angeles police officer assigned to the University Division, was the chief witness for the People. The following is the substance of his testimony. At about 7:45 p. m. on November 20, 1955, Officer Coffey and his partner, Officer Dosti, went to defendant's home at 720 East 42nd Street in Los Angeles. Three times within the preceding two weeks they had received confidential information from an informant that defendant was a narcotics addict, had narcotics in his possession, and was selling narcotics; the last tip was received about an hour before they went to Holland's

home. They did not have either a search warrant or a warrant for defendant's arrest.

The officers knocked on the door to defendant's room, which was located in the cellar at the rear of the house. When a voice inside the room responded to their knocking Officer Coffey asked "Is it Ernest Holland?"; defendant answered "Yes. Who is it?"; the witness replied "It's Coffey, Police Officer." Defendant said "Just a minute" and after a few moments he opened the door about three-quarters of the way and stepped back from the door; the officers entered.

Defendant appeared to be in a nodding or slightly sleepy condition; there was no odor of alcohol on his breath. Officer Coffey checked defendant's eyes with a flashlight. The pupils were pin pointed; when the light was passed in front of defendant's face there was no reaction. Officer Coffey gave testimony on direct and cross-examination as to his experience and knowledge with respect to the objective symptoms of the existence of narcotic influence and was held qualified; it was his opinion that defendant was under the influence of a narcotic at that time. The officers placed Holland under arrest for a violation of the state narcotics act and made a search of his person and the premises. On the backs of defendant's hands they found numerous marks and scars which resembled the marks made by a hypodermic needle. Secreted within an electric light fixture on the ceiling they found some paper bindles which were proved to contain heroin. Defendant told the officers that the heroin was his and that he had used some of it earlier in the evening.

The sole assignment of error to be considered is that the court erred in admitting in evidence the bindles of heroin which were found in defendant's room. Defendant argues, in this connection, that he was arrested without reasonable or probable cause, that the evidence was insufficient to show the commission of a public offense in the presence of the officers, and that the heroin was obtained through an unlawful search and seizure. These related contentions are without merit. The question before us is the lawfulness of the arrest. If Holland's arrest was valid, then a subsequent reasonable search of the premises under his control was lawful and the evidence obtained thereby was not to be excluded. (*People* v. *Guy,* 145 Cal.App.2d 481, 488-490 [302 P.2d 657], and cases cited.)

Subdivision 1 of section 836 of the Penal Code pro-

vides as follows: "A peace-officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person: 1. For a public offense committed or attempted in his presence. . . ." This section has been interpreted to mean that an officer may arrest a suspect without a warrant when circumstances exist which would cause him to entertain a reasonable belief that a crime has been committed in his presence. (*Coverstone* v. *Davies,* 38 Cal.2d 315, 320-321 [239 P.2d 876].)

The officers had the right to call upon defendant and to seek admittance to his room while in performance of their duties. (*People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855].) After they knocked and identified themselves, defendant opened the door and let them in. Although no express words of invitation were used, it was to be inferred from defendant's conduct that he consented to the entry. Holland did not testify at the trial, and in the absence of testimony that the entry was forcible or coerced, we must assume that it was made with his permission. (*People* v. *Michael,* 45 Cal.2d 751, 754 [290 P.2d 852].)

After entering the room, Officer Coffey observed defendant's somnolent condition and the contraction of the pupils of his eyes. These observations, if made by one qualified to give expert testimony, together with the information previously received by the officers, would have warranted a good faith belief that defendant was addicted to the unlawful use of narcotics and was at that time committing a violation of section 11721 of the Health and Safety Code,[1] a misdemeanor. The offense of the unlawful use or addiction to the unlawful use of narcotics may be committed by a user at any place and at any time so long as he retains the character of an addict, and may be proved by any competent evidence of such unlawful use or addiction. (*People* v. *Jaurequi,* 142 Cal.App.2d 555, 560 [298 P.2d 896].) It is not contended by defendant on the appeal that there was insufficient evidence of the qualification of Officer Coffey to give testimony as an expert witness.

We are of the opinion that the circumstances justified a reasonable belief that Holland was at the time an unlawful

[1] "No person shall unlawfully use or be addicted to the unlawful use of narcotics. No person shall be under the influence of narcotics except when such narcotics have been administered by or under the direction of a person licensed by the State to prescribe and administer narcotics. . . ."

user and addicted to the unlawful use of narcotics, that the arrest was lawfully made under Penal Code, section 836, subdivision 1, and that the search was reasonable and proper. There was no error in receiving the heroin in evidence.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.