[Crim. No. 3351. First Dist., Div. Two. July 3, 1957.]

THE PEOPLE, Respondent, v. NORMAN AUGUSTINE, Appellant.

Edward T. Mancuso, Public Defender (San Francisco), for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Franklin Campbell, Assistant District Attorney, for Respondent.

DRAPER, J.—Defendant was charged with possession of heroin. He waived a jury, was tried by the court, and found guilty. He appeals, urging only that the narcotic admitted in evidence was obtained by unlawful search and seizure.

Appellant was known to the arresting officers as a user of narcotics. Two or three weeks before his arrest, he had been interviewed by the same officers, had admitted using narcotics, and had exhibited his arms to them, showing bruises which they testified were needle marks. Before the arrest of appellant, each of the two arresting officers had received information that the occupants of a specified flat in San Francisco were selling narcotics. The advice came from informants upon whose word the officers had previously acted, and whose information had proven reliable. The officers stationed themselves in the street outside this apartment to observe it. Shortly before appellant's arrest, they had arrested two other persons on narcotics charges as they left these premises. As they watched, they saw appellant, whom they recognized as a narcotics user, leave the place. He walked down the street, looking back over his shoulder frequently and carefully scrutinizing passing automobiles. The officers drove alongside appellant. One left the car and identified himself. He noticed a finger stall sticking out of appellant's collar. The officer asked what it was. Appellant answered "It's what you're looking for." The officer removed the finger stall, which contained heroin. It is not entirely clear whether the arrest was made immediately before or just after appellant made the quoted statement.

There seems no doubt that the officers had reasonable cause to arrest appellant. The officers' personal observation of the appellant, together with appellant's admission, was sufficient to establish their knowledge that he was a user of

narcotics. (*People* v. *Jaurequi*, 142 Cal.App.2d 555 [298 P.2d 896].) Information from known and reliable informers was sufficient to establish reasonable cause for the belief that narcotics were being sold at the premises in question. (*People* v. *Vice*, 147 Cal.App.2d 269, 272 [305 P.2d 270].) Here there was the added factor that two narcotics violators had been arrested leaving the same place shortly before. Appellant's furtive conduct on leaving the place lent further credence to the officers' belief that he was a narcotics violator.

The arrest was reasonable. ■ The search, being incidental to a lawful arrest, was entirely proper. (*People* v. *Winston*, 46 Cal.2d 151, 162 [293 P.2d 40].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.