[Crim. No. 6295.   Second Dist., Div. Three.   Dec. 30, 1958.]

THE PEOPLE, Respondent, v. CARLOS ZAPATA ZUBIA et al., Defendants; SEFERINO RALPH GUZMAN, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant Guzman and one Zubia were accused of unlawfully possessing marijuana. In a non-jury trial, they were convicted. Guzman appeals from the judgment and the order denying his motion for a new trial.

Appellant contends that the court erred in receiving the marijuana in evidence. His argument is that the marijuana was obtained by unlawful search and seizure.

Officer Boyle testified that on December 26, 1957, about 12:45 p. m., while he was driving an automobile south on Arroyo Boulevard, he observed a Chrysler automobile that was also traveling south on that boulevard. He followed the Chrysler about six blocks in an area on the boulevard where there are many sharp curves. When the Chrysler slowed down on some of the curves, he did not see the stop light on the Chrysler "light up." He thought the Chrysler was being driven in violation of section 637, subdivision (a) of the Vehicle Code (without an adequate stop light). When he turned the automobile siren and red light on, the Chrylser stopped, and he (witness) stopped the police automobile beside the Chrysler. Defendant Guzman got out of the Chrysler on the "driver's side" and approached the police automobile. (Guzman will be referred to as the defendant.) When he (officer) asked defendant for his driver's license, defendant produced the license and asked why he had been stopped. The officer replied that he had been stopped for violation of section 637, subdivision (a) of the Vehicle Code. Defendant said that he had been stopped before by the police, and he planned to have the stop light fixed. The officer asked defendant if he had any weapons in the automobile. Defendant said that he did not have any weapons in the automobile and, "If you wish, you may look in the car—I do not have any weapons." As the officer approached the Chrysler from the left side, defendant jumped into that automobile and crawled across the front seat on his knees. The seat was covered with a blanket, and there were two paper sacks on the blanket about the center of the seat. While defendant was crawling across the seat he moved the blanket with his knees and the blanket covered the sacks. The officer unrolled the blanket, removed the sacks, and asked defendant what the sacks were. He replied that "they" were his lunch. The officer opened the sacks. One sack contained a salt shaker and the other sack contained a portion of a sandwich and a rolled-up paper sack. The rolled-up sack contained a small portion of wax paper in which there was a green leafy substance. The officer thought that the substance might be marijuana. He showed the leafy substance to the two defendants and "they" said that "they knew nothing of it." The officer found a package of cigarette papers in the glove compartment of the Chrysler, and found

another package of cigarette papers in a pocket of defendant Guzman's pants.

On cross-examination, Officer Boyle testified that he did not have a warrant for the arrest of either defendant. The question he asked Guzman regarding weapons was a routine question. There had been many "burglaries of guns and so forth in broad daylight" in the neighborhood where the arrest was made, and Guzman, according to his driver's license," did not live in that neighborhood.

The leafy substance which was in the wax paper was marijuana. The package of cigarette papers which was in the Chrysler and the package of cigarette papers which was in the defendant's pocket contained fragments of marijuana within the leaves of the papers.

Defendant testified that he did not tell Officer Boyle to "go ahead and look" in the automobile; and he did not tell the officer that he had permission to search the automobile.

Defendant Zubia testified that he was riding with Guzman at the time the automobile was stopped by the officers (Officer Scholl accompanied Officer Boyle in the police automobile); the officers did not ask him for permission to search the automobile.

When the leafty substance and the cigarette papers were offered in evidence, the defendant objected to the offer on the ground that those things were obtained as the result of an illegal search and seizure. The objection was overruled. At the close of the prosecution's case, the defendant made a motion to exclude the leafy substance and cigarette papers as evidence. The motion was denied.

■ Appellant contends that the marijuana and cigarette papers should not have been received in evidence, for the reason they were obtained by illegal search and seizure. He argues that the fact that defendant committed a minor traffic violation (not having an adequate stop signal light on his automobile) did not justify the officer in searching the automobile or defendant, since the search was unrelated to such an offense and was not incidental to such an arrest. By reason of the defective stop signal light, the officer had reasonable cause to stop the defendant. When the defendant stopped, he got out of his automobile and approached the police automobile before the officer approached the defendant's automobile. When the officer asked the defendant a routine question as to whether he had any weapons in the automobile, the defendant replied in the negative and said further that the officer might

look in the car if he wished to do so. The conduct of defendant, immediately thereafter, in jumping into his automobile, crawling across the seat, and covering the sacks with the blanket might reasonably cause the officer to suspect that defendant was attempting to conceal something that was in the automobile. The question as to whether defendant consented that the officer might search the automobile was a question of fact for the determination of the trial court. Under the evidence here the court could reasonably find that defendant gave such consent. Since the search of the automobile revealed a leafy substance which the officer thought was marijuana, the officer had reasonable cause to search the defendant, who was the owner and driver of the automobile. The court did not err in receiving the marijuana in evidence.

The judgment and the order denying the motion for a new trial are affirmed.

Shinn, P. J., and Vallée, J., concurred.