[Crim. No. 6405.   Second Dist., Div. Three.   Jan. 26, 1959.]

THE PEOPLE, Respondent, v. ALFRED E. AMADO, Appellant.

Alfred E. Amado, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted of unlawful possession of heroin. He appeals from the judgment. The cause was submitted on the transcript of the preliminary hearing, each side reserving the right to offer additional evidence. Defendant did not testify or produce any evidence in his behalf.

On January 31, 1958, Deputy Sheriff Velasquez, acting on information he had received from two informers to the effect that defendant was using the house at 1821 East 43rd Street, Los Angeles, for the purpose of selling narcotics, went to that location. On arriving, Velasquez and Officer Vega went to the back door. The door itself was open but the screen door was closed. As they approached the door Velasquez saw defendant in the kitchen. On seeing the officers, defendant ''made a movement toward his pocket and started stepping backwards and put a white piece of paper—looked to me like paper—in his mouth and started walking away from the kitchen.'' Velasquez immediately opened the door, entered the house, and arrested defendant. He searched defendant's person and in a trouser pocket found two gelatin capsules containing heroin. As the capsules were being removed from his pocket defendant called to his wife in Spanish that two capsules of heroin had been found in his pocket. The officers then took defendant into the bedroom and asked him for his ''outfit.'' Defendant went to a dresser drawer and handed Velasquez a spoon, an eye dropper, and a box of tissue containing a syringe with a brownish liquid in it.

Later the same day defendant told Velasquez the narcotics found on his person were his; he had purchased them the day before; he had them for his own use; he was not in the business of selling narcotics; and he was an addict. The

officers did not have a warrant for defendant's arrest or a search warrant.

Defendant contends in effect that he was denied a fair trial in violation of his constitutional rights because, so he asserts, his counsel wilfully and knowingly failed to present certain defenses that were available to him. He argues that his counsel failed to prepare his defense according to the facts and the law; that he failed to raise the defense of unlawful search and seizure; and that he failed to ask Velasquez the names of the informers.

At the preliminary hearing defendant was represented by the public defender. The public defender did not raise any question of illegal search and seizure or seek disclosure of the informers. After arraignment in the superior court counsel of defendant's choice was substituted. ■ ''The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or a sham.' '' (*People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457].)

■ It is presumed that an attorney has been faithful to the best interests of his client. No showing is made that defendant's representation was inept or incompetent. Defendant made no complaint to the court with respect to his counsel's representation. If he felt his counsel was incompetent or prejudiced against him as he now asserts, he should have so informed the trial court. ■ Under ordinary circumstances a defendant may not complain for the first time on appeal of claimed inept conduct of trial counsel of his own choosing. (*People* v. *Comstock*, 147 Cal.App.2d 287, 299 [305 P.2d 228].) Counsel may well have concluded that the defenses of unlawful arrest and illegal search and seizure were not available to defendant. The record indicates they were not. ■ The arrest and the consequent search and seizure were not made solely on information received from the informers. The officers before entering the house observed furtive conduct on the part of defendant, giving them reasonable cause to make the arrest and search. (*People* v. *Cantley*, 163 Cal.App.2d 762 [329 P.2d 993].) When defendant saw the arresting officers approach the back door he made a movement toward his pocket, started stepping backwards, put a piece of white paper in his mouth, and started walking away from the kitchen. (*People* v. *Andrews*, 153 Cal.App.2d 333, 337-338 [314 P.2d 175].) ■ Counsel also may have rea-

sonably concluded that no purpose would be served in seeking disclosure of the identity of the informers. The informers were neither participants in nor eyewitnesses to defendant's arrest. Disclosure of the identity of an informer has not been required where there was reasonable cause for a search and seizure apart from the informer's communication which led the police to suspect the defendant. (*People* v. *Williams,* 51 Cal.2d 355, 359 [333 P.2d 19].) Disclosure is not required where the informer is not a material witness on the issue of guilt. (*People* v. *McShann,* 50 Cal.2d 802, 808 [330 P.2d 33].) There is nothing in the record to indicate that any information might have been elicited from either informer which would be relevant or helpful to the defense of defendant.

Defendant has not made that type of showing which alone would compel the conclusion that he was deprived of due process within the meaning of the constitutional guarantees.

Defendant also appeals from a nonexistent verdict. This appeal will be dismissed.

The appeal from the nonexistent verdict is dismissed; the judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied February 6, 1959, and appellant's petition for a hearing by the Supreme Court was denied March 25, 1959.