[Crim. No. 6320. Second Dist., Div. Three. Feb. 11, 1959.]

THE PEOPLE, Respondent, v. GUILFORD VANCE WHITE, Appellant.

Harry Weiss, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

WOOD (Parker), J.—Defendant White and one Wright were accused, in count 1, with unlawfully possessing heroin; and, in count 2, with unlawfully possessing marijuana. In a nonjury trial, White was convicted on count 1, and was acquitted on count 2. (Wright died prior to the trial.) White was sentenced to imprisonment in the state prison. No finding was made regarding an allegation in the information that White had been previously convicted of violating section 11721 of the Health and Safety Code, a misdemeanor (being addicted to unlawful use of narcotics). He appeals from the judgment and ''the Court's order.''

Appellant contends that the court erred in refusing to require the prosecution to disclose the name of an informant.

On October 18, 1957, about noon, Officers Cain and Campillo, received information from a confidential informant that one Wright, who resided at a certain address in Los Angeles, used and sold marijuana, that the marijuana would be in the house, and the screen doors were usually hooked with two or three latches. Officer Cain had known the informant about two years, had found on previous occasions that information furnished by the informant was reliable. For a period of time prior to the arrest herein, the officers observed the residence at said address. About 2:45 p.m. of said October 18, they

went to the side door of the house and said, in a "medium" loud voice, "Police officers"; and they heard a "walking" noise inside the house. At that time the screen door, which was not latched or hooked, "was opened"[1] and they observed a female person, who was moving very fast—walking hurriedly, enter a doorway of a room in the house. At that time the officers entered the house and went to the bathroom. While the officers were standing in the doorway to the bathroom (the doorway between the dining area and the bathroom), another door to the bathroom (a door between a front bedroom and the bathroom) was opened, and appellant White was in that doorway, and in his hand there were several "balloons" of mixed colors. Officer Campillo told appellant to hand the "balloons" to him (officer). Thereupon appellant handed to him eight "balloons" which contained white powder. Then the officers took appellant and Wright into the front bedroom (adjoining the bathroom). In that bedroom, the officers found five other "balloons" and a measuring spoon on top of a dresser. The spoon contained white powder. Appellant and Wright were arrested. Officer Cain testified that, while the articles were being removed from the dresser, appellant said that he came to the address about 30 or 40 minutes before the officers came there, that he brought the contents of the balloons to the house, and that it was heroin. The officers found a jar of marijuana on the porch at that place. Officer Cain testified that Wright said that the marijuana was his property.

The white powder in the "balloons" and the spoon was heroin.

Appellant testified that he arrived at the address (Wright's home) about five minutes before the arrest; he did not bring the "balloons" there; they did not belong to him; after he entered the house he went into the bedroom, and talked with Wright; suddenly Wright said, "Here, take these"; then Wright handed the "balloons" to him and told him to go toward the bathroom; he (appellant) was confused; the police were there immediately; appellant did not tell the officer that the heroin belonged to him (appellant); he did not tell them that he brought the "stuff" there; while he was at the police station, the officers said that he (White) had stated that the heroin belonged to him; he replied that they had him "mixed

---

[1]The record does not disclose who opened the door, but it will be assumed that the officers opened it.

up" with Wright, who had said that it belonged to him (Wright).

Officer Campillo testified (on rebuttal) that, at the time of the arrest, the appellant was asked about the "balloons" which he had handed to Officer Cain; appellant replied, "[T]hat is all I have"; appellant also said he had been in the house about half an hour.

On cross-examination of Officer Cain, he was asked to state the name of the informant. He replied that he believed that the public interest would suffer if he disclosed the name, and he preferred to have the privilege, under section 1881 of the Code of Civil Procedure, not to answer the question. The objection was sustained.

The arrest and search were made without a warrant.

When the heroin was offered in evidence, appellant objected to the offer on the ground that the heroin was obtained as a result of illegal search and seizure. The objection was overruled. Thereafter, appellant made a motion to suppress "the evidence" on the ground that there was no probable cause for entering the house and making the arrest and search. The motion was denied.

Appellant contends that since the court did not require the disclosure of the name of the informant, appellant was deprived of the opportunity of presenting impeaching testimony regarding the search and seizure. He asserts further that the heroin was improperly received in evidence in that it was obtained as a result of unlawful search and seizure. The officers went to the door of the house as a result of having received information from the informant. The informant did not accompany them. While they were outside the screen door, and immediately after they had announced they were police officers, they heard a "walking" noise inside the house. Then the officers opened the unlocked screen door and at that time, while they were outside the house, they observed a woman therein, who was walking hurriedly—moving very fast, go into another room. Then the officers entered the house and apprehended appellant while he, with "balloons" of heroin in his hand, was entering the bathroom. It thus appears that the informant did not participate in the acts of searching the house, and that the officers made an independent investigation. ■ In *Priestly* v. *Superior Court*, 50 Cal.2d 812 [330 P.2d 39], it was said (p. 818) that the effect of the requirement of disclosure of the name of the informer "is to

compel independent investigations [by the prosecution] to verify information given by an informer or to uncover other facts that establish reasonable cause to make an arrest or search. Such a practice would ordinarily made it unnecessary to rely on the communications from the informer to establish reasonable cause.'' ██ Under the circumstances in the present case, where there was no response to the announcement by the officers that they were police officers, and where immediately after the announcement they heard a ''walking'' noise within the house, the act of the officers in merely opening the unlocked screen door, and remaining outside, did not constitute an unreasonable search. ██ While the screen door was open, and before the officers entered the house, they observed a woman therein who was acting in such a manner that the officers could reasonably have believed, before they entered the house, that the woman was retreating and acting furtively in an attempt to quickly conceal evidence of a public offense. Under the circumstances here, the acts of the officers in entering the house, going to the room which the woman had entered, and observing appellant therein with heroin in his hand, did not constitute an unreasonable search.

In *People* v. *Maddox*, 46 Cal.2d 301 [294 P.2d 6], it was said at page 306: ''When, as in this case, he [officer] has reasonable grounds to believe a felony is being committed and hears retreating footsteps, the conclusion that his peril would be increased or that the felon would escape if he demanded entrance and explained his purpose, is not unreasonable.''

In *People* v. *Steinberg*, 148 Cal.App.2d 855 [307 P.2d 634], the officer had received information from an informant that the defendant was engaged in bookmaking. In that case the officer, using field glasses, watched defendant use a telephone in a room. Then the officer went to the door of the room, looked through a glass door, and said: ''Police officers.'' At that time the officer saw the defendant rise from a desk and move speedily away. Thereupon the officer forced entrance to the room. It was held therein that there was reasonable cause for the arrest and search.

In *Priestly* v. *Superior Court, supra,* 50 Cal.2d 812 [330 P.2d 39], it was held (pp. 818-819) that if the prosecution relies on communications from an informer to show reasonable cause, it is essential to a fair trial that the name of the informer be disclosed; and if the prosecution refuses to disclose

the name, the court should, on proper motion of the defendant, strike the testimony as to communications from the informer.

In the present case, the prosecution did not rely on communications from the informant to show reasonable cause for the search. There was sufficient evidence herein, apart from the informant's communication, to show reasonable cause. The court did not err in refusing to require disclosure of the name of the informant.

As above indicated, the notice of appeal states that the appeal is from the judgment and "the Court's order." It will be assumed that the order referred to is the order denying the motion for a new trial. (At the end of appellant's opening brief he refers to the judgment and the order denying a motion for a new trial.)

The judgment and the order are affirmed.

Shinn, P. J., and Vallée, J., concurred.