[Crim. No. 6572.   Second Dist., Div. One.   July 7, 1959.]

THE PEOPLE, Respondent, v. ISRAEL GONZALES
GARCIA, Appellant.

Umann & Marks for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from the judgment and "sentence" and from "the denial of motion for new trial," in a case in which the defendant was found guilty of possessing a narcotic.

In an information filed in Los Angeles County the defendant was charged with a violation of section 11500, Health and Safety Code, in that he did, on May 13, 1958, have in his possession marijuana. The defendant pleaded not guilty, a jury trial was waived, and by stipulation, the matter was submitted on the transcript of the preliminary hearing, with each side reserving the right to present additional evidence. The defendant was found guilty as charged. The motion for a new trial was denied and the defendant was sentenced to the county jail for six months. Defendant appeals from the judgment, the sentence and the order denying his motion for a new trial.

A résumé of the facts as developed at the preliminary hearing is as follows: On May 13, 1958, at about 9:45 p.m., the defendant, with a boy of about ten years of age, parked a pick-up truck on Whittier Boulevard near Lorena Street. They got out of the truck and defendant walked over and talked to a man about 25 to 27 years of age, who apparently crippled, was using crutches. The defendant followed the crippled man across the street to a point near the northeast corner of the intersection of the streets above named. The crippled man then walked in an easterly direction on Whittier Boulevard and came to the passenger side of a 1950 Chevrolet automobile which was parked in a driveway. The defendant remained in front of the Lorena Recreation Center, which was about 100 yards from the point to which the crippled man walked to the parked car. After a short time the crippled man, who had talked to someone in the parked Chevrolet automobile, walked back to the point where the defendant was standing and said something to the defendant, and then continued on walking. The defendant then called to the young boy, who in the meantime had walked into the Recreation Center, and the defendant and the boy walked back across the street to where the pick-up truck was parked. The crippled man walked a distance of about 25 feet from the Recreation Center to the bus stop on the northeast corner of Whittier Boulevard and Lorena Street, where he sat down on a bench. Defendant and the boy got into the pick-up truck and the

defendant drove the truck across the street into the gasoline station which was located on the northeast corner and which was then closed for business. The defendant parked the truck about 15 feet immediately behind the seated crippled man, near the gasoline pumps. The defendant got out of the pick-up truck, looked at the rear tire of the truck and then looked around, both east and west, up and down Whittier Boulevard, and then walked over behind the crippled man at the bus stop bench. The defendant laid his hand upon the right shoulder of the seated crippled man. At that time the crippled man had his fist clenched and down to his side. When the defendant touched the crippled man on the shoulder he, the crippled man, brought his right arm and hand up behind his head over his right shoulder. The defendant placed his hand in an open fashion, palm up, and the crippled man on the bench released his hand in the fashion of dropping something. The defendant then closed his hand, turned around and walked back and got into the truck and left the location, going north on Lorena Street. Deputy sheriffs, who were seated in a car at the southwest corner of Whittier and Lorena, were there on an investigation awaiting the arrival of another person, and apparently witnessed all that has heretofore been related.

Two of the deputies followed the defendant's pick-up truck, and when the truck stopped at 403 South Indiana Street, the defendant got out and one of the officers placed the defendant under arrest. A search was made, and in the defendant's right shirt pocket was found a marijuana cigarette.

When questioned about the cigarette, the defendant stated, " 'I have been out of trouble for ten years now and just because I found this I am back in trouble.' And I [Deputy Sheriff] said, 'Well, what do you mean, you found it? Did you see somebody stash it and go pick it up?' And he said, 'Yes, that is what happened.' "

The arresting officer further stated that he had "information with regard to . . . activities going on at that corner of Lorena and Whittier"; that such information was "confidential" and that he considered such "information reliable."

The defendant did not testify in his own behalf, nor did he present any witnesses. It was stipulated at the time of trial "that if the officer were asked to reveal the name of the informer he would claim the privilege and not reveal the name of the informer." Thereupon, the defendant made a motion to suppress, and a motion to strike, the evidence upon the

grounds that it was illegally obtained, and each such motion was denied by the court.

Appellant asserts that he was entitled to the name of the informant as a matter of right, and upon failure of the district attorney to reveal the name, the motion to suppress the evidence should have been granted; and further that the arrest and search and seizure of the appellant were without reasonable or probable cause.

We think there is no merit to either contention.

■ An officer may make an arrest when he has reasonable cause for believing the person arrested has committed a felony.

■ The facts in this matter have heretofore been set forth in considerable detail, and no useful purpose would be served in repeating them. Suffice it to say that when the officers saw the furtive and suspicious conduct of the defendant, they had good reason to believe an offense was being committed. (See *People* v. *Coleman,* 134 Cal.App.2d 594 [286 P.2d 582] ; *People* v. *Brown,* 147 Cal.App.2d 352 [305 P.2d 126] ; *People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57] ; *People* v. *White,* 167 Cal.App.2d 794 [334 P.2d 963] ; *People* v. *Amado,* 167 Cal.App.2d 345 [334 P.2d 254].)

■ With reference to the contention that the name of the informer should have been given, it is noted that the informer in this case was not a participant in, nor a witness to the defendant's arrest. ■ Disclosure is not required where there was reasonable cause for a search and seizure entirely apart from the informer's communication which led the police to suspect the defendant. (*People* v. *Williams,* 51 Cal.2d 355 [333 P.2d 19].) ■ For all that appears from the face of the record, the name of the informant would in nowise assist the defendant. There is nothing to show that the informer was even in the vicinity at the time of the transaction, nor is there anything to show or indicate that the informer participated in the crime with which the defendant is charged. Furthermore, the stipulation does not necessarily assume, nor is it made certain thereby, that the officer knew the name or identity of the informant. There was no effort made to question the officer (not even with reference to the information claimed to have been received in other matters which led the officer to the conclusion that the information supplied was reliable), and we can only assume that the defendant was satisfied with the record in its unclear state. (See *People* v. *Prewitt,* 52 Cal.2d 330 [341 P.2d 1].)

There was, in any event, justification for the arrest of the

defendant because of his unusual, suspicious and furtive conduct which took place in the immediate view of the officers. The informer's communication as to the area was not in anywise the sole justification for the police to make the arrest. (See *Scher* v. *United States*, 305 U.S. 251, 254 [59 S.Ct. 174, 83 L.Ed. 151].) There was no testimony that the informer was with the officers, nor does it appear that the informer gave the police any names of any persons whomsoever.

We think that under the circumstances of this case, there was sufficient evidence, apart from anything the informer told the officers, to show reasonable cause for the arrest. The court did not, under the circumstances, err in its rulings.

The attempted appeal from the sentence is dismissed. The judgment and the order denying the motion for a new trial are, and each is affirmed.

White, P. J., and Lillie, J., concurred.