[Crim. No. 6953.   Second Dist., Div. One.   May 2, 1960.]

THE PEOPLE, Respondent, v. DEXTER LOUIS TISBY, Appellant.

Dexter Louis Tisby, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from an order granting probation after conviction of having possession of a certain narcotic.

In an information filed in Los Angeles County the defendant was charged with having possession of marijuana on April 23, 1959. The defendant pleaded not guilty. A jury trial was waived and the cause was submitted on the transscript of the testimony taken at the preliminary hearing. The defendant was found guilty and after a hearing on his application for probation the proceedings were suspended, probation was granted for five years, a part of the terms of which were that the defendant spend 180 days in the county jail.

A résumé of the facts is as follows:

Robert Conrad, a Los Angeles police officer, in company with another officer, was driving a police car equipped with two big red lights on top thereof and a siren between such red lights. The officers were driving south on Harvard Street. Near 21st Street Officer Conrad saw appellant seated in a parked 1954 white Cadillac Eldorado, behind the driver's wheel. Curtis Williams was seated to the right of the appellant. When the officer first saw the appellant he appeared to be smoking a cigarette. The officer testified that the defendant "looked in our direction and took the cigarette out of his mouth hurriedly and his eyes opened up and he held his right hand down to his right side." Further, that the appellant looked surprised when the officer stopped his automobile.

After stopping the police car Conrad got out of it, and went over to the automobile in which the appellant was seated. The officer smelled the odor of burning marijuana. The officer had smelled burning marijuana some 50 or 60 times before this occasion during his experiences as a policeman and in the course of his training.

The appellant was ordered out of his automobile and directed to open up his right hand. A partially smoked marijuana-appearing cigarette was in the right hand of the appellant. Appellant was ordered to open up his left hand and therein was contained four cigarettes which appeared to be made of marijuana.

At a conversation at the police station the appellant stated "that the fellow with him had nothing to do with the cigarettes; that it was his own deal; that he picked up the five joints from a stud at Normandy and Adams and that he paid 50 cents apiece for them; that he just picked them up a little while ago; that he just had lit up the cigarette and had about three or four blasts before we busted him."

The appellant denies that he was smoking the marijuana cigarette but he did testify that the officers "found the cigarettes in my left hand" and "that the cigarette in the right hand had been partially burned" and further "that one was in the right and the four were in the left." The defendant further testified that although he had the marijuana cigarettes in his hand that it did not surprise him when the police officer stopped the police car.

The appellant contends that under the rule of *Gascon* v. *Superior Court*, 169 Cal.App.2d 356 [337 P.2d 201], the evidence was obtained by an illegal search and seizure and should have been suppressed.

In the Gascon case the police officers spoke to a woman seated in an automobile. She stated that she was waiting for her friend who had gone to a store to purchase some cigarettes. When the friend approached the car the officers asked him some questions and in answer thereto the friend indicated that he had purchased some cigarettes for the woman in the automobile. The friend then admitted to having been arrested previously and the officers stated that they were going to search him whereupon he attempted to leave immediately and threw away some contraband. The court held that the search was an improper one and that the officers had no probable cause to make the arrest.

In the case before us the officers saw the appellant smoking a cigarette and when the appellant saw the officers driving their car with the red lights and siren thereon, he hurriedly took the cigarette from his mouth and put it to his right side and had a surprised look upon his face.

The officer went to the car in which the appellant was seated, smelled burning marijuana and then and only then did he order the appellant out of the automobile and make the arrest.

A police officer may make an arrest if he has reasonable cause to believe that the person arrested has committed a felony. (Pen. Code, § 836.)

The appellant having acted as he did, the officer was entirely

proper in stopping the police car and going to the appellant's car for the purpose of further investigating the situation. ▮ It is not unreasonable to interview possible suspects. (*People* v. *Mendoza,* 145 Cal.App.2d 279 [302 P.2d 340]; *People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855]; *People* v. *Michael,* 45 Cal.2d 751, 754 [290 P.2d 852]; *People* v. *Holland,* 148 Cal.App.2d 933, 936 [307 P.2d 703].)

▮ When the officer arrived at the appellant's automobile he smelled burning marijuana. (See *People* v. *Bock Leung Chew,* 142 Cal.App.2d 400 [298 P.2d 118]; *People* v. *Chong Wing Louie,* 149 Cal.App.2d 167, 175 [307 P.2d 929].) In addition to the smell there were the furtive acts of appellant which bolstered the officer's belief that an offense had been or was then and there being committed. (*People* v. *Garcia,* 171 Cal.App.2d 757 [341 P.2d 351]; *People* v. *Amado,* 167 Cal.App.2d 345, 347 [334 P.2d 254]; *People* v. *White,* 167 Cal.App.2d 794, 798 [334 P.2d 963]; *People* v. *Brown,* 147 Cal.App.2d 352, 356 [305 P.2d 126]; *People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57]; *People* v. *Augustine,* 152 Cal.App.2d 264, 266 [313 P.2d 37]; *People* v. *Jiminez,* 143 Cal.App.2d 671, 673-674 [300 P.2d 68].)

We look to the "facts and circumstances presented to the officer at the time" and it is our belief that knowing what he did, and seeing and smelling what he did, the officer had ample and probable cause to believe that the appellant had committed or was then and there committing a felony and that the arrest and seizure was wholly proper. (*People* v. *Gusukuna,* 152 Cal.App.2d 135, 137 [312 P.2d 714]; *People* v. *Cantley,* 163 Cal.App.2d 762, 765 [329 P.2d 993]; *People* v. *Bradley,* 152 Cal.App.2d 527, 532 [314 P.2d 108]; *People* v. *Mendoza,* 145 Cal.App.2d 279, 282 [302 P.2d 340].)

We find no error in the record.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.