[Crim. No. 7269. Second Dist., Div. Three. Nov. 4, 1960.]

THE PEOPLE, Respondent, v. JAMES ERNEST ELLIOTT, Appellant.

James Ernest Elliott, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

FORD, J.—The defendant has appealed from a judgment of conviction of the crime of possession of heroin. (Health & Saf. Code, § 11500.)

The appellant contends that there was no probable cause for his arrest. He further asserts that his constitutional rights were violated because of the manner in which evidence offered against him was obtained. Claims of unfairness with respect to his trial are also urged.

The trial judge was the trier of fact, a trial by jury having been waived by the appellant. The evidence will be summarized. Richard P. Denver, a police officer for the city of Los Angeles, was in the area of Berendo Street and Pico Boulevard at about 1:15 a. m. on December 5, 1959. He was in a police vehicle with Officer Jilg. The defendant went by their vehicle on a motorcycle which had no rear light. They stopped the appellant and asked for his driver's license. The officer then called into the police department to determine if there were any outstanding traffic warrants for the appellant and what his past record was. He ascertained that there were two or three outstanding traffic warrants, "which were good for nighttime service," and that the appellant had had a recent narcotic arrest and other felony arrests prior thereto. The clerk also told the officer that the appellant was a user and seller of heroin. When the witness returned from the call box, the other officer was examining the appellant's arms. He thought that the appellant's long-sleeved leather jacket had been removed. The appellant was placed under arrest under the outstanding warrants. A search of the motorcycle was subsequently made.

Officer Jack T. Jilg testified that while Officer Denver was away from the presence of the appellant, he noticed that the eyes of the appellant were "pinpointed." He smelled no alcohol on his breath. He gave him a light-reaction test and found that his eyes had no reaction whatsoever. The officer believed that the appellant "might possibly be under the influence of narcotics." He then asked the appellant to remove his jacket so that he could look at his arms. The appellant did so. The officer saw no needle marks at that time. He asked the appellant if he ever used narcotics and the appellant replied that he had used heroin about 40 days before. Upon his return, Officer Denver happened to glance down between the gas tanks of the motorcycle and saw a brown package stuffed down between the tanks. The witness, Officer Jilg, observed this also. Officer Denver asked the appellant what it was and he replied that it was to keep the gas tanks from rattling. This was after the arrest. Officer Denver removed the package. It contained approximately ten multicolored bal-

loons which were tied into little sections. The witness partially untied the end of one balloon and observed a white powder inside which appeared to be heroin. The appellant was then placed under arrest "for suspicion of narcotics." Officer Jilg had had training in the subject of narcotic investigation at the police academy, and, after such training, practical experience in the field. He had also been shown the light-reaction test with respect to persons addicted to narcotics and had made arrests in cases of the use of narcotics. The officers asked the appellant if they could search his residence. He said, "Yes, go ahead. You won't find anything there." They then went to his residence. The appellant let them in. There, in a waste basket, were found three balloon fragments, an eye-dropper, a razor blade and some wire.

On cross-examination, Officer Jilg testified that the package taken from the motorcycle "looked like it is part of a paper bag, brown in color." The package was approximately two inches by two inches in size. There was nothing unusual about it when he first saw it.

It was stipulated that a forensic chemist would be deemed to have testified that he examined portions of the contents of five of the balloons and formed the opinion that the powder so examined contained the narcotic heroin.

The testimony above set forth was contained in the transcript of the preliminary hearing. It was received at the trial pursuant to the stipulation of the parties, it being understood that the evidence was subject to any objection that might be made. No other testimony was received at the trial. The appellant did not testify. At the time the articles seized by the officers were offered in evidence at the preliminary hearing, counsel for the appellant objected "on the grounds the same were obtained pursuant to an illegal arrest and illegal search and seizure, no probable cause for the search." We deem that objection to have been before the superior court with respect to the evidence so received at the trial. We further note that at the end of the trial there was a ruling of the court to the effect that the motion to suppress evidence was denied.

■ There is, of course, nothing unreasonable in an officer's questioning of a person outdoors at night. (*People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57].) ■ But aside from that, in the present case the officers had reasonable cause to stop the defendant because of the absence of an operating rear light on his vehicle, a violation of section 24600

of the Vehicle Code. (*People* v. *Zubia*, 166 Cal.App.2d 620, 622 [333 P.2d 349]; *People* v. *Sanson*, 156 Cal.App.2d 250, 253 [319 P.2d 422]; see *People* v. *Smith*, 141 Cal.App.2d 399, 401 [296 P.2d 913]; *People* v. *Johnson*, 139 Cal.App.2d 663, 667 [294 P.2d 189].) Moreover, under the circumstances presented to the officers, the detention of the appellant for a reasonable period of time so that it could be determined whether there were any outstanding warrants arising from traffic-violation charges against him, or whether there was other information relating to him in the police records, does not appear to have been unreasonable. (*Cf. People* v. *Rodriquez*, 140 Cal.App.2d 865, 867 [296 P.2d 38].) But in any event, while Officer Denver was making such an inquiry, Officer Jilg noticed the condition of the appellant's eyes, gave the test which has been mentioned hereinabove, and was informed by the appellant that he had used heroin about 40 days before. Such circumstances justified a reasonable belief that the appellant was at the time an unlawful user and addicted to the unlawful use of narcotics. Hence the arrest was lawfully made. (*People* v. *Clifton*, 169 Cal.App.2d 617, 619 [337 P.2d 871]; *People* v. *Johnson*, 155 Cal.App.2d 369, 372-373 [317 P.2d 1000]; *People* v. *Holland*, 148 Cal.App.2d 933, 936-937 [307 P.2d 703]; *cf. People* v. *Lujan*, 141 Cal.App.2d 143, 146-147 [296 P.2d 93].) ▪ The removal of the package from the motorcycle and the examination thereof incident to the arrest was reasonable and proper under the circumstances. (*People* v. *Holland, supra,* 148 Cal.App.2d 933, 936-937 [307 P.2d 703]; *People* v. *Lujan, supra,* 141 Cal.App.2d 143, 147 [296 P.2d 93]; see *People* v. *Brajevich,* 174 Cal.App.2d 438, 443 [344 P.2d 815].) ▪ The appellant is not in a position to complain of the search of his apartment since it was made with his consent (*People* v. *Michael*, 45 Cal.2d 751, 753 [290 P.2d 852]), but, in any event, the evidence obtained in the lawful taking and examination of the bag found on his motorcycle was abundantly sufficient to support his conviction without the evidence seized at his place of residence. (See *People* v. *Lujan, supra,* 141 Cal.App.2d 143, 148 [296 P.2d 93].)

▪ The appellant asserts that he was deprived of a fair trial because a superior court file was received in evidence as proof of the allegation contained in the information of a prior conviction of the violation of section 11500 of the Health and Safety Code, a misdemeanor. There is no merit in such contention. The appellant had denied the allegation of a prior conviction. At the trial it was stipulated that such file could

be received in evidence with reference to the issue so raised, "subject to any objection." No objection was made. At the end of the trial, the matter of the determination by the court of the issue as to a prior conviction was continued until the time of the probation hearing and sentence. While the reporter's transcript does not disclose that the court made a determination with respect thereto, the minutes of the court embodying the judgment contain the statement: "The Court finds the prior conviction to be true." The appellant raises no issue as to such determination and we assume that the minutes are correct. (See *People* v. *Givens,* 182 Cal.App.2d 75, footnote 1 [5 Cal.Rptr. 648].)

█ The appellant also claims error in that the court permitted Officer Denver to relate what he had learned as to the appellant's record with respect to narcotics when he made his call for such information. Counsel for the prosecution stated that such testimony was offered on the issue of probable cause. The objection on behalf of the appellant was that such information was hearsay. There was no error. █ As stated in *People* v. *Easley,* 148 Cal.App.2d 565, at page 568 [307 P.2d 10] : "Reasonable ground for arrest need not be based upon evidence which would be competent at a trial; it may be hearsay; and although information furnished by an anonymous informer is not enough to afford reasonable ground, it is proper to be considered by the officers in forming their opinion as to whether reasonable cause for arrest exists." (See also *People* v. *Hood,* 150 Cal.App.2d 197, 200 [309 P.2d 856].) █ But even if there was error, viewed in the light of the whole record it was not of the prejudicial nature which must be shown before a conviction can be reversed; an experienced trial judge and not a jury was the trier of fact. (See *People* v. *Watson,* 46 Cal.2d 818, 834-837 [299 P.2d 243].)

The evidence amply supported the conviction of the appellant. No error upon which to predicate a reversal has been shown. The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied December 2, 1960.