[Crim. No. 12183.   Second Dist., Div. One.   Mar. 14, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RUFUGIO LUNA GONZALES, Defendant and Appellant.

Refugio Luna Gonzales, in pro. per., and Alan F. Charles, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an attempted appeal from an order denying a motion "to set aside the conclusion of the Director

of Corrections that Defendant was not a fit subject for treatment'' and from the judgment of conviction of possessing heroin.

In an information filed in Los Angeles County on July 6, 1965, defendant was charged with having possession of heroin on the 15th day of June, 1965. It was further charged that in January 1947, he had been convicted of a violation of section 11500, Health and Safety Code; that in the State of Colorado in 1951 he had been convicted of burglary; that in 1955 he had been convicted of a violation of section 11500, Health and Safety Code, in California; and that in 1959 he had been convicted of a violation of section 11500, Health and Safety Code, in California. In a trial before the court without a jury on August 27, 1965, defendant was found guilty as charged, and it was further found on September 30, 1965, that the second and fourth charged prior convictions were true. Proceedings were adjourned and defendant was found to be a narcotics addict; however, he was subsequently rejected by the Director of the California Rehabilitation Center and returned to court for sentencing. Defendant was then sentenced on January 19, 1966, to the state prison.

A résumé of some of the facts is as follows: At about 8:15 p.m. June 15, 1965, deputy sheriffs arrived at room 219 of a hotel on Soto Street to check a report that defendant, a parole violator, was living there. Officer O'Brien knocked on the door and a male voice asked: ''Who is it?'' and O'Brien replied, ''The Sheriff's Office.'' Defendant opened the door and he was holding a homemade syringe with a hypodermic needle attached in one hand while in his other he held a piece of Kleenex, or cotton, against his inner elbow. By looking through the open door the officer could see a table in the room upon which were numerous small mounds of brownish-white powder, rubber balloons and a bent spoon. O'Brien, experienced in narcotics cases and activities, formed the opinion from what he observed that defendant ''had been injecting narcotics intravenously'' and that the mounds of powder on the table were heroin. O'Brien then entered the room and placed defendant under arrest; he, O'Brien, immediately advised defendant of his right to counsel, his right to remain silent, and that anything he said might be used against him. Defendant stated that he understood his rights and further freely admitted that he had been taking narcotics two to four times a day for the past month. The powder was seized and was determined to be heroin.

■ Appellant now asserts that the heroin and other paraphernalia should have been excluded from evidence as being the products of an unreasonable search and seizure, that he was not advised of his right to counsel and made no intelligent waiver of that right and that the judge was guilty of prejudicial error in showing partiality to the prosecution.

There can be no doubt from the evidence that a crime was being committed by the defendant in the immediate presence of the officer immediately before the officers entered the room and arrested appellant. (See *Coverstone* v. *Davies,* 38 Cal.2d 315 [239 P.2d 876]; *People* v. *Holland,* 148 Cal.App.2d 933 [307 P.2d 703]; *People* v. *White,* 180 Cal.App.2d 99 [4 Cal. Rptr. 261]; *United States* v. *Rabinowitz,* 339 U.S. 56 [94 L.Ed. 653, 70 S.Ct. 430]; *People* v. *Martin,* 45 Cal.2d 755 [290 P.2d 855]; *People* v. *Castro,* 176 Cal.App.2d 325 [1 Cal.Rptr. 231].)

The appellant was informed of all of his rights as delineated in *Escobedo* v. *Illinois,* 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

The record discloses that the trial judge did not evidence any partiality toward the prosecution and the questions he asked from time to time were perfectly proper. (See *People* v. *Amaya,* 40 Cal.2d 70 [251 P.2d 324]; *People* v. *Avery,* 35 Cal.2d 487 [218 P.2d 527]; *People* v. *Saunders,* 13 Cal.App. 743 [110 P. 825]; *People* v. *Corrigan,* 48 Cal.2d 551, 556 [310 P.2d 953].)

With reference to the contention that he was not told that an attorney would be furnished to him if he were indigent under the rule of *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed. 2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], see *People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].)

It is unnecessary under the circumstances to discuss the matter of appellant's unfitness and rejection for the California Rehabilitation Center.

The judgment is affirmed.

Wood, P.J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 10, 1967.