[Crim. No. 6595.    Second Dist., Div. One.    Dec. 3, 1959.]

THE PEOPLE, Respondent, v. MARY ELLEN WILLIAMS, Appellant.

Minsky, Garber & Rudof and Albert C. Garber for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

BISHOP, J. pro tem.*—We have concluded that the failure of the prosecution to reveal the name of an informer may not be taken advantage of by the defendant to escape the judgment that followed her conviction on a charge of illegal possession of heroin. Upon her appeal from the judgment, it is to be affirmed, therefore.

The defendant put on no defense, so our facts come from the unchallenged testimony of the People's witnesses. On each of the last two days of July, some deputies sheriff watched the door of the place where the defendant resided, and saw persons known to them to be drug addicts, enter and depart. On the last day of the month, after watching for a brief time, they knocked on the door, and "heard a swift movement toward . . . the location where the bathroom was located." They then forced an entrance (without the aid of a search warrant) and observed the defendant "rushing through the hallway to the bathroom." The officers, too, rushed, and pulled the defendant away from the flushing toilet, but were too late to rescue anything from it. However, "white residue" appeared on the defendant's leg and knee, and a small quantity, but sufficient, was gathered up from the hallway that led to the bathroom, and this was placed in a wax paper. This white residue proved to be heroin.

■ That which we believe to be the crucial question on this appeal, is presented by the facts just narrated. It is: did the officers have reasonable cause to believe that a felony was being committed, justifying them in entering without a warrant, arresting the defendant, and gathering in the evidence? We give an affirmative answer to this question. The coming and going, from defendant's residence, of not just one, but of

---

*Assigned by Chairman of Judicial Council.

several known addicts was a circumstance that would justify the inference that here was a source of the supply that they sought in common. Then, a knock on a door of a residence is not usually followed by the resident rushing to the bathroom. Bathrooms have been used so frequently as the means of making intoxicating liquor disappear, and successfully concealing the presence of other contraband articles, that police officers, who are at the door of a place where they have reason to believe that narcotics are to be had, act reasonably in forcing their way in, when the noise within led them to believe that the evidence they sought was being destroyed. No two situations are identical, but for comments on situations with similar elements, see: *People* v. *Maddox* (1956), 46 Cal.2d 301, 306 [294 P.2d 6, 9]; *People* v. *Ruiz* (1956), 146 Cal.App.2d 630, 634 [304 P.2d 175, 177]; and *People* v. *White* (1959), 167 Cal.App.2d 794, 798 [334 P.2d 963, 965].

█ The knock on the door, the entry and the recovery of the heroin, all occurred on July 31. The informer had no part in any of these events. Some time previously he had told the officers that the defendant was engaged in furnishing heroin, and on July 30, as they watched, he had gone in and returned with a white paper package of the narcotic. When, following this testimony, an effort was made on defendant's part to learn the identity of the informer, and the objection was made that it was against the public interest, the trial judge, who was trying the case without a jury, made an observation that caused the prosecutor to withdraw the white paper package of heroin from evidence, leaving the only heroin before the court that which had been picked up from the hall floor.

Under the situation that thus developed, we see no purpose at all useful to the defendant, had the informer even been brought into court and introduced to her. This case falls without the principle of such cases as *Priestly* v. *Superior Court* (1958), 50 Cal.2d 812, 818 [330 P.2d 39, 42-43]; and *People* v. *Williams* (1958), 51 Cal.2d 355, 358 [333 P.2d 19, 21]. The informer, in this case was what *People* v. *McShann* (1958), 50 Cal.2d 802, 808 [330 P.2d 33, 36], characterized as "a mere informer" who "has a limited role." The court goes on to quote from *People* v. *Lawrence* (1957), 149 Cal.App. 2d 435, 450 [308 P.2d 821, 830]: " 'When such a person is truly an informant he simply points the finger of suspicion toward a person who has violated the law. He puts the wheels in motion which cause the defendant to be suspected and perhaps arrested, but he plays no part in the criminal act with

which the defendant is later charged.' '' and then adds this sentence: "His identity is ordinarily not necessary to the defendant's case, and the privilege against disclosure properly applies."

In this case, he whose name remains undisclosed was a mere informer, whose identity was not necessary to defendant's case.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.