[Crim. No. 6337.   Second Dist., Div. One.   Jan. 8, 1960.]

THE PEOPLE, Respondent, v. LeROY MANDELL GARDNER, Appellant.

Samuel C. McMorris, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

BISHOP, J. pro tem.*—The defendant, charged with having in his possession a preparation of heroin, was tried before the judge, sitting without a jury, and found guilty. On May 16, 1958, the defendant filed his notice of appeal "from the

*Assigned by Chairman of Judicial Council.

order and judgment . . . made and entered on the 7th of May, 1958, denying defendant's Motion for New Trial and adjudging defendant guilty as charged, and sentencing defendant to the State Prison. . . .'' This we interpret as an appeal; (1) from the action of the trial judge, taken on April 2, finding the defendant guilty as charged; (2) from the order denying his motion for a new trial; and (3) from the final judgment of conviction. The latter two did take place on May 7, and are made appealable by section 1237 of the Penal Code. The first, if appealable, was taken too late, as measured by the provisions of rule 31, Rules on Appeal for the Supreme Court and District Courts of Appeal. ▮ It is not, however, appealable (Pen. Code, § 1237; *People* v. *Pastrana* (1955), 136 Cal. Cal.App.2d 358, 359 [288 P.2d 568, 569]) and so we are dismissing it, while affirming the other two matters appealed from.

The crucial question on this appeal arises with respect to the nondisclosure of the identity of an informer. ▮ There was some inconsistency between the testimony given by the officer-witness, Caskey, at the preliminary hearing, by stipulation deemed given at the trial, and that given by him at the trial. It was, of course, the function of the trial judge to select out of the testimony that which he believed to be true; it is not for us to say that any conflict should be resolved in defendant's favor.

We find that the trial judge was warranted, therefore, in concluding that Caskey and his partner had at least two informants who, over a period of three years or so, had given them informations proven to be reliable. He (the witness) was able to name but one of these informers. ▮ From them, the witness and his partner had learned that one Lummie, his wife and brother, were living at a house on 56th Street to which people went to use heroin. Occasionally the defendant, known to the police and the informers as ''Mouse'' also went to Lummie's house. On the day of the arrest the officers were not looking for him, particularly.

The witness and his partner went to the house and walked up alongside of it. The witness heard running inside, and went to the rear door as his partner went to the front. Shortly, the defendant opened the back door and stepped out, holding in his hand a package the size of a fist. He took a step out of the door, turned and looked at the witness officer, then turned around and went back into the house, pursued by the officer, who, just a few feet inside the door, grabbed hold of the

defendant. In the struggle that followed they reached the door of the living room, and the package that had been in the defendant's hand sailed through the air to the middle of the floor, whence it was retrieved by the partner of the witness. The package was found to contain several envelopes of a powder, which, according to the testimony of an expert chemist, contained the narcotic known as heroin.

From the facts narrated the trial judge was warranted in concluding that the witness-officer had acted, not without probable cause, based on what his senses had revealed to him. ■ We find this statement of the principle involved, in *People* v. *Fischer* (1957), 49 Cal.2d 442, 446 [317 P.2d 967, 970]:

"Probable cause for an arrest is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused. (Cases cited.) Probable cause may exist even though there may be some room for doubt."

Two conclusions follow. The first is, that there was no unreasonable search or seizure. ■ As stated in *People* v. *Fischer* (1957), 49 Cal.2d 442, 447 [317 P.2d 967, 970]: "If there was probable cause for the arrest both the arrest and the search were lawful. The evidence found there was seized as a part of a lawful search and was not therefore illegally obtained."

■ The second is, that the informers were "mere" informers, as the term is used in the cases. They were not shown to be witnesses either of the arrest or of the acts that constituted the offense of which the defendant was found guilty. And although one or the other of them may have pointed the finger of suspicion at the house and its inhabitants, where the defendant was found to be in possession of heroin, the information was not an integral part of the basis for the probable cause of defendant's arrest. It follows that it was not made to appear that this was a case where an exception should have been made to the rule that an informer's identity need not be disclosed in order to give the defendant a fair trial. (See *People* v. *Williams* (1959), 175 Cal.App.2d 774, 777 [1 Cal. Rptr. 44] and cases cited.)

A third exhibit, also containing heroin, was introduced. This was discovered in the rectum of the defendant, from where it was removed by a medical nurse at the jail to which the defendant was taken. On this appeal we need not determine

whether this invasion of defendant's person rendered the evidence recovered incompetent, for without it the result would have been the same; defendant's guilt was amply proved by other evidence.

The order denying the defendant a new trial, and the judgment of conviction, are both affirmed. The attempted appeal from the order or judgment adjudging the defendant guilty is dismissed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 1, 1960. Traynor, J., and Peters, J., were of the opinion that the petition should be granted.