[Crim. No. 7228.   Second Dist., Div. Three.   Dec. 27, 1960.]

THE PEOPLE, Respondent, v. DONALD WAYNE O'NEILL, Appellant.

Thomas H. Ludlow, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a court trial Donald Wayne O'Neill was found guilty of possessing heroin and was sentenced to state prison. He appeals from the judgment.

The matter was submitted upon the transcript of the preliminary hearing. Appellant did not testify.

There was evidence of the following facts: Having received information from an informer of unknown reliability that a tall, dark-complexioned man with a moustache named Gato and his brother, who had moved into an apartment house on South Union Street the previous week, were in possession of

check-forging paraphernalia, were users of narcotics, and were possibly in possession of narcotics, Officers Dorrell and Fesler went to the location on December 11, 1959. They had neither a search warrant nor a warrant for anyone's arrest. The landlady told the officers that two men who matched the description were living in a ground floor apartment and that two other men had recently moved into apartment 203. Dorrell and Fesler staked out the apartment on the ground floor. An hour later appellant entered the building in the company of a man named Wadlington, went upstairs and entered apartment 203. The officers went to the door of the apartment and listened in. About 10 minutes later appellant opened the door. As he did so Dorrell exhibited his badge and said "I'm a police officer, I'd like to talk to you." Appellant jumped back into the room and slammed the door in Dorrell's face. The officers pushed in the door before it could be latched and forced entry into the apartment. Inside the apartment were appellant, Wadlington and appellant's brother Robert. Beside a typewriter on a coffee table were blank personalized checks and other tools of the forger and a hypodermic outfit commonly used by narcotic addicts. The officers found another hypodermic outfit in a chest of drawers; within the bowl of a spoon was the residue of a substance that was proved to be heroin. The three men denied ownership of the typewriter, the check-writing material and the narcotic paraphernalia. Although appellant denied using narcotics, Dorrell examined his arms and found fresh needle marks. Appellant admitted living in the apartment for about a week.

In the course of his cross-examination Officer Dorrell was asked to disclose the name of his informant. Dorrell refused to answer upon the ground of privilege, whereupon appellant made a motion to strike the testimony of the witness respecting communications from the informer; the motion was denied by the magistrate. Appellant also objected to the introduction of the heroin in evidence upon the ground of illegal search and seizure; the objection was overruled. In stipulating that the matter be submitted upon the transcript of the preliminary appellant reserved his right to make a motion to suppress the contraband. The motion was made, it was argued at length, and it was denied by the court.

It is not contended on the appeal that the evidence was insufficient to support the conviction. Appellant argues that it was error to deny his motion to strike Dorrell's testimony concerning communications from the informer and to overrule

his objection to receiving the heroin in evidence. The point is well taken.

We think the heroin was obtained by an unlawful search and seizure. No doubt the officers were justified in going to the apartment building to interview its occupants. (*People* v. *Martin,* 45 Cal.2d 755 [290 P.2d 855].) But the question is whether they were justified in making a forcible entry and search of O'Neill's apartment. The only evidence offered on the subject of probable cause consisted of Dorrell's testimony regarding his conversation with the informer and the evidence that appellant slammed the door in Dorrell's face when the officers accosted him as he was leaving the apartment. No other circumstances were relied upon as proof that the officers had reason to believe that appellant was committing a public offense. The showing was manifestly inadequate as a showing of probable cause for an arrest and search. It has been held that there is probable cause for an arrest and search where an officer has been told by a previously reliable informant that some one is in possession of narcotics and the suspect attempts to flee or engages in other furtive conduct 794 [334 P.2d 963]; *People* v. *Gardner,* 177 Cal.App.2d 43 upon the officer's approach. (*People* v. *White,* 167 Cal.App.2d [1 Cal.Rptr. 830].) However, Dorrell admitted that he had no knowledge of the reliability of his informant. The facts of our case are analogous to *People* v. *Thymiakas,* 140 Cal.App.2d 940 [296 P.2d 4], in which a claim of unlawful search and seizure was upheld. We deem that case to be controlling. In Thymiakas, the arresting officers had received information from an unknown informant that the defendant was a user of heroin and had a quantity of heroin in his apartment; the officers went to the location, obtained a key from the manager and turned the key in the lock of the defendant's door which opened slightly, catching on a nightchain; the officers banged on the door and demanded entry; the defendant said ''Wait a minute'' and the officers heard footsteps approaching then retreating from the door; in reply to another demand for entry defendant again said ''Wait a minute'' and the officers broke into the apartment; they discovered capsules of heroin and narcotic paraphernalia. The court held that the arrest of Thymiakas and the search of the apartment were made without probable cause and the court affirmed an order dismissing the information under section 995 of the Penal Code.

The judgment is reversed.

Vallée, J., and Ford, J., concurred.