[Crim. No. 8576. Second Dist., Div. One. June 20, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LOUISE
ROBINSON, Defendant and Appellant.

434

Burton Marks for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from the "judgment and sentence" wherein appellant was convicted of possessing heroin.

In an information filed in Los Angeles County on October 10, 1961, defendant was charged with possessing heroin on July 20, 1961. She was represented by private counsel at all stages of the proceedings. A motion under section 995, Penal Code, was denied and she pleaded not guilty. A jury trial was properly waived and the cause was submitted upon the testimony contained in the transcript of the preliminary hearing subject to the privilege of each side to call additional witnesses and to present other and additional evidence. Other witnesses did testify for each side at the trial. Defendant

was found guilty as charged. Probation was denied and defendant was sentenced to the state prison.

A résumé of some of the facts is as follows:

 Officer Buckner of the Los Angeles Police Department narcotics squad checked defendant's criminal record and found that she had been arrested about eight times for narcotics offenses and that apparently in each instance the case was dismissed; he also learned that his officer partner Northrup had known defendant for about five years and that his partner had conducted narcotics investigations with reference to the defendant during such time and had arrested her once for a narcotics violation. Buckner also had talked to agent Barry of the State Narcotics Bureau who stated they had arrested defendant on an occasion when there was about an ounce of heroin found in her yard and some marijuana found in the house at 11635 Bandera Street. Buckner further had received information from Geraldine Curtiss, Irene Bradford, Lawrence Williams, Debra Shaw and Buster Small, and from another unnamed informant that defendant again was dealing in narcotics from her home and that it was her procedure to leave the house and to go where she had her narcotics stashed and then return home with enough to sell from the premises throughout the day.

On July 20, 1961, at about 7:30 a.m. Buckner, together with Brewer and Northrup, went to a location near defendant's home to maintain a stake-out. About 8:30 a.m. defendant came out of the house, got into her Buick automobile and drove to the vicinity of 6123 McKinley where she sat in her car in front of the house for about five minutes; she then drove around in the alley and honked the horn of her car and sat there for about five minutes after which she returned to the front of the house. In about five minutes a male Negro named Claude Reed, known to Buckner, came out of the house. Buckner was watching the procedure through binoculars and saw the male Negro go to defendant's car where he appeared to hand the defendant something and to receive something she handed him. The male Negro put whatever defendant handed him into his pocket and walked back into his yard. The officers followed defendant to her home and as she was alighting from her car, Buckner approached her, identified himself and said, "Where is the narcotic you just picked up?" The defendant first remained silent and then said, "What's this about?" She started to perspire profusely and

had trouble in talking. Buckner told her she was under arrest for suspicion of possessing narcotics and she said, "Well, I am in my night clothes." Buckner explained she could not change her night clothes as he was going to take her downtown to be searched by a policewoman. He said further, "Although, I will allow you to go inside the house and get some clothes and take them with you if you want to change clothes at the jail." Buckner upon the defendant's request went into the house with her. She called a small girl who she said was her daughter (but who in fact was not) to come and see what took place, saying further in effect that the officer was going to make her undress in front of him. Buckner told the defendant that she would not be allowed to undress. She picked an item of apparel which apparently was to be placed over the garments she was then wearing and she was told that it would be all right to put it over her head but not to attempt to take off her nightgown. At this time the defendant was seen to raise her nightgown and reach near the vicinity of her groin and "she threw a brown rubber object to the floor behind the door." The object was retrieved immediately by one of the officers and was found to contain 16 small multicolored balloons. The little girl in question was told by the defendant to go to someone's house and the officers were unable to locate her. Defendant was taken to jail. The balloons were marked for identification and booked. The officers did not have a warrant for defendant's arrest or search. Claude Reed was not arrested at once and afterwards the police were unable to find him.

A police chemist stated that the balloons in question contained heroin.

■■■ Defendant now asserts it was error to deny the motion to dismiss under section 995, Penal Code, that it was prejudicial error to deny her a further continuance to the end that she might have the attendance of an informant, and lastly that the arrest was unlawful and that the evidence was obtained by unlawful search and seizure.

At the preliminary hearing Buckner stated: "I had received information that the defendant was again dealing in narcotics from her home, and that it was her procedure that in the early morning hours she would leave her location of her house and she would go to where she had her narcotics stashed and then return home and then sell narcotics from the premises throughout the day." On cross-examination the officer was asked to give the name "of this informer." After a col-

loquy between counsel and the judge, apparently it was determined that counsel for appellant wanted the name of a particular informant and the witness stated, "Well, that one I refuse to divulge the name of because to do so would destroy the usefulness of the informant in the future, and it also would endanger their lives."

There was no participation by any of the informants in this transaction between Claude Reed and the appellant, or between appellant and the officers. All any of the informers did apparently was to point the finger of suspicion toward appellant.

At the trial Buckner was asked by the prosecution whom he had in mind with reference (as above quoted) to the information received about the defendant's dealing in narcotics. Buckner then gave the names of Curtiss, Williams, Bradford, Shaw and Small. On *voir dire* examination of Buckner by counsel for appellant, the witness was asked to disclose the name of another confidential informant who had turned in cases to the officer, two of which cases were pending in the Superior Court. The officer refused to give the name of that informer upon the statutory grounds. The prosecution thereupon stated to the judge that it did not rely upon any information received from any unnamed informant and moved to strike any reference to any information received from that particular informant and such motion was granted.

It is readily apparent that under the circumstances the officers had probable cause to believe at the time of the arrest of defendant that she possessed narcotics. The officers saw the transaction which, coupled with the information they had, would lead them as men trained in the particular field of endeavor to believe that the defendant had secured some narcotics from Reed and was on her way back home to prepare to dispense the same throughout the day. The officers were entitled to use hearsay and other inadmissible evidence in determining whether to make the arrest of defendant. (See *People* v. *Hood,* 150 Cal.App.2d 197, 200 [309 P.2d 856].)

In any event there is and apparently can be no contention that any informant, disclosed or otherwise, participated in the transaction and occasion with which we are concerned. (See *People* v. *Williams,* 175 Cal.App.2d 774, 776 [1 Cal.Rptr. 44]; *People* v. *Lawrence,* 149 Cal.App.2d 435, 450 [308 P.2d 821].)

There was no illegal search because in fact there was

no search at all. The appellant apparently had placed heroin in some sort of a container under her night clothes or in a body cavity and when she was in her bedroom and starting to place some other clothing over her, she reached into her groin area, got the heroin and threw it back of a door from whence it was immediately retrieved by the officers.

The commitment was entirely proper and the motion under section 995 of the Penal Code was properly denied.

Appellant also asserts that she did not have enough time within which to attempt to locate an informant. The record here shows that in fact she was granted a 45-day continuance for the purpose of contacting the informer who at that time was in a state prison. There was no showing of any diligence upon her part (she was on bail) or that of her counsel.

Appellant noticed a motion for a new trial and also asked for probation. The judge particularly told the appellant with reference to the motion for a new trial to bring to him copies of any affidavits of newly discovered evidence ahead of the time of any hearing on such motion to the end that he could particularly consider the same and then suggested that the date for the hearing be extended 8 days longer than the defendant had requested, namely to March 23, 1962. Further continuances were granted from that date to March 30, 1962, to April 13, 1962, to May 11, 1962 (at which time bail was forfeited because of nonappearance of defendant), then continued to June 1, 1962, to June 22, 1962, to July 6, 1962, to August 10, 1962, on which last date the defendant was sentenced. No affidavit of newly discovered evidence or otherwise was presented to the court.

The contention to the effect that the evidence was inherently improbable is without merit. See *People* v. *Arter,* 169 Cal.App.2d 439, 442 [337 P.2d 534].

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.