[Crim. No. 10046.   Second Dist., Div. Four.   Feb. 18, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ARTURO CAMPOS MORA, Defendant and Appellant.

402

Garland H. Puckett, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, George J. Roth and David B. Stanton, Deputy Attorneys General, for Plaintiff and Respondent.

FILES, P. J.—Defendant Mora and codefendant Diaz were tried by the court without a jury and convicted of violating section 11500 of the Health and Safety Code (possession of heroin). Mora alone appeals from this conviction.

On January 8, 1964, Deputy Sheriff Burns of the Los Angeles County Narcotics Detail received information that one Manuel Garcia was engaged in the sale of heroin in the area of Soto Street and Whittier Boulevard. The informant gave directions to Garcia's house, described two vehicles owned by Garcia, and told Deputy Burns where Garcia worked. After Deputy Burns checked Garcia's record and found that he had been convicted twice for illegal use of narcotics, a surveillance of Garcia's activities was established. This surveillance continued until the evening of January 17,

when the defendants were arrested. On that night Deputy Iavelli observed Garcia's car on Whittier Boulevard near Soto. As Garcia turned from Whittier onto Breed Street, the defendants, in a 1953 Plymouth, arrived at the same intersection and Mora waved to Garcia. Both cars parked near the intersection and Mora and Garcia left their vehicles, meeting on the sidewalk. Mora received a small package from Garcia and gave Garcia a small object. As Garcia walked away, Deputy Iavelli observed Garcia "making a counting motion with the object that he had received from defendant Mora." Deputy Elliott, another narcotics officer who was stationed nearby, observed Mora return to the 1953 Plymouth and at the same time Elliott received a radio communication telling him what Iavelli had seen. Deputy Elliott followed the 1953 Plymouth as it entered the outbound Santa Ana Freeway. As the Plymouth left the freeway, it stopped for a red light; Deputy Elliott and his partner, Deputy Montgomery, pulled up behind it, alighted and approached the Plymouth, one officer on each side. Defendant Diaz was driving and defendant Mora was in the front passenger seat. Deputy Elliott testified that on approaching the driver of the car, he identified himself as a narcotics officer and asked the driver if he was using narcotics; "The defendant Mora replied 'yes' and Diaz replied, 'A little bit.'" Deputy Elliott then opened the driver's door and told Diaz to step out. As Deputy Montgomery opened the passenger door to do the same with Mora, he reached into the floorboard area and picked up a small object, which he showed to Deputy Elliott. Both defendants were then arrested. The object was later analyzed as containing heroin.

Subsequent to the arrest Deputy Elliott questioned Mora, who admitted that the heroin was his and stated that Diaz did not know of the "score."

Mora and Diaz, testifying on their own behalf, denied that they were arrested in the foregoing manner. Mora testified that the officers approached the car with drawn guns, told them not to move, then took them out of the car, handcuffed and searched them. It was not until after this that the officers found the heroin. Mora admitted that he had told the officers he was a user, but denied that he had said the heroin was his.

Diaz supported Mora's version of the arrest and also denied that the officers asked if he was using heroin, and denied that he told them he was using "A little bit."

■ Viewing the record in the light most favorable to the People, as this court must (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]), the evidence is sufficient to support the trial court's finding that the discovery of the heroin was not the product of an illegal search.

■ Defendant contends that the court committed error in refusing to strike the testimony of Deputy Burns that he had received information that Garcia was dealing in heroin. The testimony was given as part of the prosecution's showing of probable cause for the arrest of the defendants. On cross-examination the deputy refused to name the informer. Defendant Mora's counsel then moved to strike the testimony. The motion was denied. Defendant argues that his motion should have been granted, citing *Priestly* v. *Superior Court,* 50 Cal.2d 812, 819 [330 P.2d 39].

The failure of the trial court to strike this testimony should not be regarded as prejudicial in this case. The information received from the informer placed Garcia, not the defendant, under suspicion. The fact which is of significance here is that the officers were investigating Garcia, whether for good cause or for no cause. Because of their suspicion the officers ·kept Garcia under observation and saw conduct which, to them, was consistent with the behavior of a narcotics peddler. This only explains how it happens that, when Garcia met defendant, officers were present. So far as this case is concerned, it is immaterial why the officers were there. They were not infringing anyone's rights by watching what Garcia was doing on a public street. The fact which is relevant and material here is that narcotics officers saw defendant meet Garcia on the street in the evening, as if by prearrangement, and saw Garcia pass a small package to defendant in exchange for something which Garcia counted as though it were money. Under the circumstances, this observed event called for an investigation of defendant.

■ For the purpose of investigating this suspicious transaction, it was not improper to stop the automobile in which defendant was riding. (See *People* v. *One 1960 Cadillac Coupe,* 62 Cal.2d 92, 96 [41 Cal.Rptr. 290, 396 P.2d 706].) ■ When, in answer to questions, both occupants admitted being users, the officers were justified in opening the car doors for further investigation. (Cf. *People* v. *Witt,* 159 Cal.App.2d 492, 496 [324 P.2d 79].) At this point the officers had reasonable cause to believe that defendant still possessed whatever he had obtained from Garcia. The appear-

ance of the tiny package on the floor of the car, and the circumstances under which it had been transferred to Mora, in the light of the other suspicious behavior of Garcia and the knowledge that Garcia, Mora and Diaz were all narcotics users, altogether supported a reasonable belief on the part of the officers that defendants were at that moment engaged in violating section 11500 and subject to arrest.

■ Defendant Mora contends that there is not sufficient evidence to justify a finding that he knowingly possessed narcotics. ■ The rule is that the prosecution must prove that the "accused exercised dominion and control over the drug with knowledge of its presence and narcotic character." (*People* v. *Redrick*, 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255].) ■ Not only did Mora admit that he was using narcotics, but the officers found fresh needle marks on his arm which, in the opinion of the officer, were from the injection of narcotics. Both of these circumstances were evidence tending to establish knowledge of what narcotics are. (*People* v. *Hancock*, 156 Cal.App.2d 305, 312 [319 P.2d 731].) As for possession, the observation of the officers that a small object was passed between Garcia and Mora and the recovery of a similar object from the floorboard directly in front of the seat in which Mora was seated supported the inference that the package belonged to Mora. Upon this evidence the trier of fact could reasonably find that defendant Mora possessed the narcotic with knowledge of its nature, even without Mora's subsequent confession to the police officer that "it was his stuff and that he would go for it."

■ Subsequent to the trial of this case, the Supreme Court of California handed down its decision in *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 316]. In that case the judgment was reversed because a confession had been received in evidence. The grounds of the decision are summarized in the opinion as follows (pp. 353-354): "We conclude, then, that defendant's confession could not properly be introduced into evidence because (1) the investigation was no longer a general inquiry into an unsolved crime but had begun to focus on a particular suspect, (2) the suspect was in custody, (3) the authorities had carried out a process of interrogations that lent itself to eliciting incriminating statements, (4) the authorities had not effectively informed defendant of his right to counsel or of his absolute right to remain silent, and no evidence establishes that he had waived these rights."

In the present case the inquiries made by the officers, by which they elicited the admissions that Mora and Diaz were narcotics users, may be regarded as investigatory only and not within the *Dorado* rule. Mora's statement made after the arrest is a different matter. Mora was in custody as the specific person suspected of a particular offense. He had been subjected to interrogation designed to elicit incriminating statements. The officer's testimony included the entire conversation with Mora ''as it pertains to this charge.'' Although the officer testified that Mora's statements were ''made freely and voluntarily,'' there was no showing that the witness or anyone else had informed Mora of his right to counsel or his right to remain silent, or that Mora had waived these rights.

Defendant's counsel objected to the officer's testimony on the ground that it was the ''fruit'' of an illegal arrest and search, and this objection was overruled. There was no objection upon the ground that the accused had not been advised of his rights. Since defendant could not have anticipated that the law would change in his favor while the case was on appeal, he is entitled to the benefit of the new rule despite his failure to object, under the reasoning of the Supreme Court in *People* v. *Kitchens*, 46 Cal.2d 260, 262 [294 P.2d 17].

It is unnecessary to consider whether the officer's testimony was prejudicial. In the *Dorado* opinion the court said (p. 356): ''Although under some circumstances the introduction into evidence of statements obtained from a defendant during police interrogation in violation of his right to counsel and his right to remain silent may constitute harmless error, we are convinced that the error is necessarily prejudicial when the statements are confessions.''

In the present case, where the officer had just taken possession of a package of heroin in the immediate presence of the defendant, his statement to the officer ''that it was his stuff and that he would go for it'' cannot be construed as anything other than a full confession of a violation of Health and Safety Code section 11500.

Under the circumstances, the *Dorado* decision compels a reversal here.

The judgment is reversed.

Jefferson, J. and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 14, 1965.