[Crim. No. 2083.   Fourth Dist.   Mar. 8, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOEL IRA COLLIN, Defendant and Appellant.

Russell E. Parsons and Edward I. Gritz for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, S. Clark Moore and Robert A. Feldman, Deputy Attorneys General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was convicted of the offense of possession of marijuana, and appeals.

On October 22, 1963, the defendant was tried before the Crest Forest Justice Court for violating certain boating laws; represented himself; was found guilty; was sentenced to 15 days in the county jail; and was fined $50, the payment of which was suspended on a probationary basis. During the course of the trial the judge observed that the defendant appeared to be nervous and uneasy; had difficulty in focusing his eyes; and also had difficulty in understanding questions put to him. After pronouncement of judgment defendant became very nervous, highly agitated, and started to cry; was unable to post bail; and was placed in custody by court order. Previously, a deputy sheriff present at the hearing also noticed that the defendant appeared to be nervous and upset; felt that he could have been under the influence of narcotics; and called the vice squad of the sheriff's office, in response to which a deputy attached to the narcotics division of that office appeared on the scene. Following placement in custody the defendant was interrogated by the latter officer, who concluded he was under the influence of some type of drug. Further interrogation elicited the statement that he was "high" on methedrine, for which he had a prescription. Consent to search his automobile was obtained and a search thereof conducted. Thereupon the deputy asked his fellow officers if they had "checked" the defendant thoroughly, since he was in custody, and received a negative reply; searched him; noticed a bulge along his waist band; and found therein a Viceroy cigarette package with three hand-rolled cigarettes containing marijuana, one of which was partially

burned. Thereafter the defendant was interrogated further respecting the acquisition of these cigarettes, his use of methedrine, and certain articles removed from his automobile. The record does not indicate that he had been advised of his right to counsel and to remain silent. During the interrogation following discovery of marijuana upon his person, he stated that he had purchased the cigarettes that morning; indicated that he had used marijuana in the past; related a history as a narcotic addict and treatment therefor; gave other information indicating knowledge of the narcotic character of marijuana and the cigarettes in his possession; expressed the belief that the officers thought they were going to find heroin in his possession, but were mistaken; told them that they could get a conviction of possession of marijuana; and related many events and so conducted himself as to support the conclusion that he was fully aware of what then was taking place.

The defendant contends that he was not conscious during the day when he attended the trial at Crest Forest Justice Court; that this unconscious state is a defense to the offense of possession of marijuana; and that the incriminating statements made by him to the officers were not made voluntarily because at the time thereof he was in this unconscious state.

Our review of the evidence, excluding the incriminating statements made by the defendant subsequent to the discovery of marijuana upon his person, discloses an abundance of substantial evidence from which the court was entitled to conclude that the defendant was aware of the events taking place about him, in some of which he participated; was conscious of the fact that he had possession of marijuana; and also was of that state of mind enabling him to voluntarily make the statements made by him to the officers. The evidence to which defendant directs attention as establishing his unconscious state of mind is not conclusive; does not require rejection of other evidence establishing his conscious state of mind; creates merely a conflict in the evidence; and under the established rule on appeal, the determination of the trial court upon the issue thus raised is conclusive. (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; *Shields* v. *Shields,* 200 Cal.App.2d 99, 102 [19 Cal.Rptr. 129].) The fact that the defendant was under the influence of a drug did not establish that he was not conscious of what was taking place. (See *People* v. *Cobb,* 45 Cal.2d 158, 162 [287 P.2d 752]; *People* v. *Grasso,* 142 Cal.App.2d 407, 417 [298 P.2d

131].) The argument advanced by him in support of his contention goes to the weight rather than the substance of the evidence respecting the issue at hand. The evidence satisfactorily supports the conclusion that he was conscious of his acts at the times under consideration.

The defendant also contends that admission of the incriminating statements made by him constituted reversible error under the rule announced in *People* v. *Dorado,* 62 Cal. 2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], which was decided after the trial of the case. He was in custody as a prisoner during the interrogation which elicited the incriminating statements to which objection is made. In its initial stages the interrogation was directed toward ascertaining the cause of defendant's abnormal appearance and conduct; its purpose was not "to elicit a confession" (*Escobedo* v. *Illinois,* 378 U.S. 478, 492 [84 S.Ct. 1758, 12 L.Ed.2d 977]); it was not a "process of interrogations that lent itself to obtaining incriminating statements." (*People* v. *Dorado, supra,* 62 Cal. 2d 338, 347, 353.) The offense of possession of marijuana was not the subject of any investigation until the search of defendant's person revealed the presence of marijuana upon him. Thereupon the questioning ceased to be general and became an investigation focused upon the specific offense and the defendant as the accused. Thereafter information was elicited from him supporting the conclusion that he had knowledge of the narcotic content of the cigarettes in his possession, and knowingly had possession thereof, which are essential elements of the offense with which he thereafter was charged (*People* v. *Winston,* 46 Cal.2d 151, 158, 161 [293 P.2d 40]; *People* v. *Sanders,* 163 Cal.App.2d 132, 134 [328 P.2d 825]; *People* v. *Loeper,* 167 Cal.App.2d 29, 33 [334 P.2d 93]); and that he possessed the mental state of awareness sufficient to entertain knowledge that he possessed the subject cigarettes and of their narcotic content, which contradicted his defense of unconsciousness. The foregoing information was supplied by incriminating statements the admission of which into evidence, under the circumstances of this case, constituted prejudicial error within the rule announced in *People* v. *Dorado, supra,* 62 Cal.2d 338. (See also *Escobedo* v. *Illinois, supra,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977].)

There is an abundance of evidence in addition to the proof supplied by the foregoing incriminating statements to establish that the defendant knew he was in possession of marijuana cigarettes; knew the narcotic character thereof; and was

conscious of his possession thereof. Nevertheless, the rule in *Dorado* requires a reversal.

The judgment is reversed, and the cause remanded for a new trial.

Brown (Gerald), Acting P. J., and Finley, J. pro tem.*, concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 5, 1965.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.