[Crim. No. 1653. Fourth Dist. June 21, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. MICHAEL DENNIS LAYNE, Defendant and Appellant.

Louis S. Katz, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent

COUGHLIN, J.—Defendant was charged with the offenses of possession of marijuana and of heroin, i.e., violations, respectively, of sections 11530 and 11500 of the Health and

Safety Code, to which he pled not guilty; also was charged with a prior conviction of possession of narcotics which he admitted; was convicted; and appeals from the judgment. A codefendant, Foster, pled guilty to the offense of possession of marijuana.

Three principal issues are presented by the appeal, viz, whether (1) the court erred in denying defendant's motion to suppress evidence obtained under a search warrant; (2) admission of incriminating statements contrary to the exclusionary rule announced in *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] requires reversal; and (3) the court erred in commenting upon the defendant's failure to testify.

Police officers entered a residence at 4182 Marlborough Avenue in the City of San Diego pursuant to a search warrant authorizing a search thereof, and of the person of the codefendant, for the unlawful possession of marijuana and paraphernalia for the use of marijuana. As one of the officers entered the premises he detected the odor of burning marijuana; after entry saw the defendant; engaged the latter in conversation; noted that his speech was slurred, his actions were slow and deliberate and the pupils of his eyes were dilated; questioned the defendant further about the use of narcotics; and accompanied the defendant to his bedroom where the officers noted a strong odor of marijuana smoke. While in the bedroom the defendant fumbled in his right front pocket, purportedly attempting to produce a prescription about which the officer previously had asked him; produced the prescription and immediately placed something back into his pocket; was asked by the officer what he was attempting to hide; and made no reply or movement to show what he had placed in his pocket. Thereupon the officer arrested the defendant for being under the influence of marijuana; searched the pocket in question; and removed two hand-rolled marijuana cigarettes. Upon a further search of the premises the officers discovered heroin and the paraphernalia adapted to its use.

The defendant claims that the search warrant pursuant to which the officers entered the premises was issued without probable cause; for this reason did not authorize the entry; and, as a consequence, the subsequent search and seizure were illegal. Issuance of the warrant was based upon an affidavit of the police officer wherein it was stated that in May 1963, Foster, the codefendant, had committed the offense of unlaw-

ful possession of marijuana; that Foster lived with the defendant at 4182 Marlborough Avenue, in the City of San Diego; that affiant had received information from a person known to him personally, from whom he had received information in the past upon which he acted and found to be accurate and reliable, that during the last week of May 1963, the informant purchased approximately one ounce of marijuana from the codefendant at the latter's residence at 4182 Marlborough Avenue; that the foregoing information was given to affiant in official confidence, and the identification of the informant could not be revealed because the public interest would suffer from such disclosure; that on May 29, 1963, the officer observed Alfred Villalores, Jr., a known narcotics user, enter the residence at 4182 Marlborough Avenue, and leave a short time later apparently under the influence of some substance; that on June 3, 1963, Jesus Romo, a known narcotics user, was observed visiting the residence in question; and that the officer had determined by investigation that the codefendant lived at 4182 Marlborough Avenue. The affidavit concluded with the prayer that a search warrant issue for the recovery of marijuana and paraphernalia for the use of marijuana from the premises at 4182 Marlborough Avenue, and from the person of the codefendant.

At the trial, as well as at the preliminary hearing, the defendant moved to exclude the evidence obtained under the search warrant; was granted a hearing thereon; and produced witnesses contradicting some of the allegations contained in the affidavit which was the basis for issuance of the warrant. In each instance the motion was denied. The testimony of the witnesses produced by the defendant created merely a conflict with the evidence produced by the affidavit, which was resolved against his contention. The allegations in the affidavit supported issuance of the warrant under the rules stated and applied in *People* v. *Prieto,* 191 Cal.App.2d 62, 68, 70 [12 Cal.Rptr. 577] ; *People* v. *Williams,* 175 Cal.App.2d 774, 775-776 [1 Cal.Rptr. 44] ; *People* v. *Nelson,* 171 Cal. App.2d 356, 360 [340 P.2d 718] ; *People* v. *Bates,* 163 Cal. App.2d 847, 852 [330 P.2d 102] ; *Arata* v. *Superior Court,* 153 Cal.App.2d 767, 771-772 [315 P.2d 473] ; *People* v. *Acosta,* 142 Cal.App.2d 59, 62-64 [298 P.2d 29].) ▮ Although the warrant under which the officers acted authorized only a search for marijuana, their seizure of heroin discovered in the course of that search was proper and the evidence thus produced was not illegally obtained. (*People* v. *Ortiz,* 147

Cal.App.2d 248, 251 [305 P.2d 145]; *People* v. *Acosta, supra,* 142 Cal.App.2d 59, 64-65.) ▮ Likewise, the fact that the warrant described the premises as those of the codefendant, situated at 4182 Marlborough Avenue, San Diego, California, under the circumstances of this case, did not foreclose entry of the premises jointly occupied by the codefendant and the defendant. (*People* v. *Phillips,* 163 Cal.App.2d 541, 545, 548 [329 P.2d 621].) The affidavit in support of the warrant established this joint occupancy. In addition, the affidavit supported the conclusion that persons entering the subject residence were obtaining narcotics therein, supporting the inference that those in occupancy thereof were in possession of narcotics.

▮ During the hearing on the motions to exclude evidence obtained by virtue of the search warrant, the defendant sought disclosure of the identity of the informer referred to in the officer's affidavit. Disclosure was refused. Thereupon he urged that the information given by the informer be excluded in determining the sufficiency of the affidavit to support issuance of the warrant. This request was denied. These orders were proper under the settled rule that "where a search is made pursuant to a warrant valid on its face, the prosecution is not required to reveal the identity of the informer in order to establish the legality of the search and the admissibility of the evidence obtained as a result of it." (*People* v. *Keener,* 55 Cal.2d 714, 723 [12 Cal.Rptr. 859, 361 P.2d 587].) There was no showing from which it might be concluded that disclosure would be " 'relevant and helpful to the defense of the accused, or essential to a fair determination of' " the cause. (*People* v. *McShann,* 50 Cal.2d 802, 807 [330 P.2d 33].)

▮ The informer was not a participant in the offense with which the defendant was charged nor a witness to any material fact relating to that offense. His information concerned an offense by the codefendant occurring two weeks before the defendant's arrest. (Cf. *People* v. *Mora,* 232 Cal.App.2d 400, 404 [42 Cal.Rptr. 725].) Under these circumstances, disclosure of the informant's identity was a matter within the discretion, respectively, of the magistrate or the trial judge, and his refusal to require disclosure, absent a showing of abuse of that discretion, will not be interferred with by a reviewing court. (*People* v. *Keener, supra,* 55 Cal.2d 714, 720-724; *People* v. *Williams,* 175 Cal.App.2d 774, 776 [1 Cal. Rptr. 44]; see also *People* v. *Perez,* 62 Cal.2d 769 [44 Cal. Rptr. 326, 401 P.2d 934].)

■ After lawful entry of the premises at 4182 Marlborough Avenue, the officer concluded from what he then saw that the defendant was under the influence of narcotics, and arrested him for this offense. The presence of marijuana smoke in the house, the physical condition of the defendant, and his furtive actions constituted probable cause for his arrest. (Health & Saf. Code, § 11721; *People* v. *Holland,* 148 Cal. App.2d 933, 935, 936 [307 P.2d 703]; see also *People* v. *Rios,* 46 Cal.2d 297, 298 [294 P.2d 39].)

The orders of the trial court denying the motions to suppress the evidence obtained upon a search of the premises and the defendant's person and to require disclosure, properly were denied.

The prosecution introduced evidence in support of their position that, before service of the search warrant, the officers were in possession of information in addition to that contained in the affidavit which constituted probable cause for search of the subject premises. However, in view of our conclusion that the order of the trial court upholding issuance of the warrant was not error, there is no need to consider the sufficiency of this evidence to establish probable cause independent of that shown to support issuance of the warrant.

■ After his arrest the defendant was placed in jail. While in custody he was interrogated by a police officer and in the course thereof made incriminating statements concerning his use of marijuana and heroin; his knowledge of the narcotic substance thereof; and his purchase and possession of the seized marijuana and heroin. Noteworthy is the defendant's admission he had purchased the heroin, because such admission precluded any contention that it belonged to his codefendant; that it was not under his, the defendant's, control and dominion; and that he had no knowledge of its presence. The record does not show that, preliminary to such interrogation, he was advised of his rights to counsel and to remain silent, nor is there any evidence from which it may be concluded that he waived these rights. The statements made establish without equivocation the elements of the offenses with which he was charged, i.e., the existence of dominion and control over the contraband, knowledge of its presence, and knowledge of its narcotic character. (*People* v. *Groom,* 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, 388 P.2d 359].) Admission into evidence of these statements was error and, under the circumstances of this case, requires a reversal. (*People* v.

*Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]; *People* v. *Machel,* 234 Cal.App.2d 37, 52-53 [44 Cal.Rptr. 126]; *People* v. *Collin,* 232 Cal.App.2d 681, 684 [43 Cal. Rptr. 57]; hearing denied; *People* v. *Mora, supra,* 232 Cal. App.2d 400, 405-406 [42 Cal.Rptr. 725]; hearing denied; see also *People* v. *Finn,* 232 Cal.App.2d 422, 427-429 [42 Cal. Rptr. 704].)

The defendant did not testify. The trial court commented upon this fact and erred in giving the instruction condemned in *Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106]. Whether this error resulted in a miscarriage of justice need not be determined as our conclusion on the *Dorado* issue requires a reversal. (*People* v. *Bostick,* 62 Cal.2d 820 [44 Cal.Rptr. 649, 402 P.2d 529].)

The judgment is reversed and the cause remanded for a new trial.

Brown (Gerald), P. J., and Whelan, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 18, 1965. Mosk, J., did not participate therein. Schauer, J.,* was of the opinion that the petition should be granted.

---

*Retired Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.